## Goetz's Estate (No. 3).

*Orphans' Court—Findings of fact—Evidence—Executors and administrators—Ownership of stock—Corporation.*

1. Findings of fact by the Orphans' Court that executors who had organized a corporation to carry on the business of the decedent held the stock of such corporation as trustees for the estate and not as their own personal property, will not be reversed where such findings are based upon sufficient evidence, and there is no manifest error.

*Orphans' Court—Jurisdiction—Corporation organized by executors—Distribution of profits.*

2. The Orphans' Court has no jurisdiction to ascertain and distribute the profits of a corporation organized by executors to carry on the business of a decedent.

Argued Feb. 27, 1912. Appeal, No. 77, Jan. T., 1912, by William C. Billman, from decree of O. C. Berks Co., Nov. T., 1910, No. 35, dismissing exceptions to adjudication in Estate of Ferdinand Goetz, deceased. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Exceptions to adjudication.

The facts appear in Goetz's Estate, No. 1, 236 Pa. 630.

*Errors assigned* were, among others,

4. The court erred in not sustaining the ninth exception to the adjudication which was as follows:

"9. The court erred in surcharging the accountants with 1,494 shares of stock of the Ferdinand Goetz Sons' Company and directing that the same be held subject to the uses of the will of decedent."

5. The court erred in not sustaining the appellant's tenth exception to the adjudication, which was as follows:

1912.]     Assignment of Errors—Opinion of the Court.

"The court erred in surcharging the accountants with $171,934.13, profits of the tannery business."

7. The court erred in entering a decree distributing to Anna Catharine Goetz $72,951.17.

*Jefferson Snyder*, of *Snyder & Zeiber*, for appellant.

*Henry P. Keiser*, with him *Cyrus G. Derr*, for Anna K. Goetz, et al., appellees.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

In view of the admitted and undisputed facts in this case—to say nothing of those correctly found by the court below—not a word is needed from us in vindication of its surcharge of the executors with 1,494 shares of the capital stock of the Ferdinand Goetz Sons' Company. From the time the inventory was filed, Frederick W. Goetz, one of the executors, with a due sense of fidelity to his father's estate, insisted that these shares belonged to it, and not to them, and it is almost inconceivable that his co-executor, the appellant, should claim to be the individual owner of one-half of them. From the day the 1,494 shares were issued they formed part of the estate of the testator and were held in trust for it by his son and son-in-law. To enter upon any discussion to show that this is so would be a work of supererogation. The facts speak for themselves, and, without saying more, appellant's complaint of the surcharge is dismissed.

For the reasons stated in sustaining the appeal of Frederick W. Goetz, executor, 236 Pa. 630 filed herewith, appellant's fifth and seventh assignments are sustained. The first, second, third, fourth, sixth and eighth are dismissed, the costs on this appeal to be paid by the estate.